# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CADENCE BANK, N.A., etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION  15-0134-WS-N |
| | ) |
| REX CABANNIS, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's renewed motion for entry of default judgment against defendant Charles M. Clements.  (Doc. 63).  The Court previously entered default against this defendant for failure to plead or otherwise defend after being properly served with process, (Docs. 20-21), and he therefore is not entitled to notice of the instant motion.[1]  The plaintiff in any event mailed a copy of its motion to the defendant over two weeks ago, using the same address at which he was personally served with process.  (Doc. 8; Doc. 63 at 4).

The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action.  Fed. R. Civ. P. 55(b)(2).  The Court can find no reference to this condition in the plaintiff's filings.  Accordingly, default judgment cannot be entered at this time.  On the assumption the plaintiff will rectify this deficiency, the Court proceeds to consider the other matters relevant to entry of default judgment.

As to any civil action in which the defendant does not make an appearance, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit" addressing the defendant's military status.  50

---

[1] Fed. R. Civ. P. 5(a)(2); *Hartford Casualty Insurance Co. v. Jenkins*, 2009 WL 4898319 at *1 n.4 (S.D. Ala. 2009).

U.S.C. app. § 5221(a)(, (b).  The plaintiff has done so.  (Doc. 63-2 at 3; Doc. 63-3).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact ....  A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true."  *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Thus, "a default judgment cannot stand on a complaint that fails to state a claim."  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997).  Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."  *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The complaint (Doc. 1), alleges that the defendant guarantied payment of certain indebtedness to the plaintiff's predecessor in interest.  The borrower failed to pay, and the entire indebtedness is presently due and owing.  The plaintiff made demand on the defendant for payment, but the defendant did not pay.  The complaint asserts a single count, for breach of guaranty.

The guaranty is governed by Alabama law.  (Doc. 16-1 at 8).  "Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty."  *Delro Industries, Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987).  Moreover, "to recover under a … continuing guaranty, an additional element, notice to the guarantor of the debtor's default, must be proved."  *Id.*[2]  The amended complaint alleges the existence of a guaranty, the borrower's default, notice to the defendant, and the defendant's

---

[2] A continuing guaranty is "a guaranty of future indebtedness uncertain as to amount or time."  *Delro Industries*,  514 So. 2d at 979.  The instant guaranty is a continuing guaranty.  (Doc. 1 at 7; Doc. 2-1).

failure to pay.  These allegations actually state a cause of action, and the complaint contains a substantive, sufficient basis for the relief sought.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required.  None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  Here, suit is brought on a guaranty to obtain payment of the borrower's indebtedness, and both the guaranty and an affidavit establishing the amount of the indebtedness have been submitted.  As the record is sufficient to determine damages, and as the plaintiff does not request a hearing, none will be conducted.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."  Fed. R. Civ. P. 54(c).  The complaint seeks recovery of $2,343,594.87, representing the borrower's

indebtedness, plus prejudgment interest at the daily rate of $297.85, plus reasonable attorney's fees, expenses and costs.  (Doc. 1 at 14).  The renewed motion for default judgment seeks judgment in the amount of $1,914,128.79, plus prejudgment interest at the daily rate of $225.53, plus reasonable attorney's fees, expenses and costs.  (Doc. 63 at 3).   The plaintiff's requested default judgment thus does not violate Rule 54(c).

The plaintiff seeks recovery of incurred attorney's fees and expenses of $17,958.50.  The guaranty provides for recovery of reasonable attorney's fees. The affidavit of counsel reflects that the time and expenses billed were actually and reasonably incurred and are reasonable in amount.[3]

For the reasons set forth above, the Court concludes that the plaintiff appears entitled to judgment against the defendant in the requested amount. However, before its motion may be granted or judgment entered, the plaintiff must comply with Rule 55(b)(2).  The plaintiff is **ordered** to do so on or before **May 9, 2016**.

DONE and ORDERED this 25th day of April, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The defendant's guaranty makes him jointly and severally liable for all attorney's fees, even though most of them were incurred in pursuing relief from the other, non-defaulting guarantors.  (Doc. 2-1 at 1, 4).